UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARLOS ALBERTO CARABALI-GARCES,

v.                           Case No. 8:04-cr-84-T-24TGW
                                       8:05-cv-1758-T-24TGW

UNITED STATES OF AMERICA.

_____

O R D E R

This cause is before the Court on Defendant's 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence (Doc. cv-1; cr-306).

BACKGROUND

On May 17, 2004, Defendant pled guilty to count one of a two-count Indictment pursuant to a written plea agreement that contained a waiver of appeal. The waiver states:

> The defendant understands and acknowledges that defendant's sentence will be determined and imposed in conformance with the Comprehensive Crime Control Act of 1984 and the federal sentencing guidelines. Defendant is also aware that a sentence imposed under the sentencing guidelines does not provide for parole. Knowing these facts, the defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum set forth for the offense and pursuant to the sentencing guidelines and expressly waives the right to appeal defendant's sentence, directly or collaterally, on any ground, except for an upward departure by the sentencing judge or a sentence above the statutory maximum or a sentence in violation of the law apart from the sentencing guidelines; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

(Plea Agreement, Doc. cr-76, p. 11, ¶ 5).

Count one charged that from an unknown date through on or about February 27, 2004, while on board a vessel subject to the jurisdiction of the United States, the Defendants:

> each of whom was first brought into the United States at a point in the Middle District of Florida, did knowingly and willfully conspire and agree, together and with other persons both known and unknown to the grand jury, to distribute five (5) kilograms or more of mixture or substance containing a detectable amount of cocaine, a schedule II controlled substance, contrary to the provisions of Title 46, Appendix, United States Code, Section 1903(a).
>
> All in violation of Title 46, Appendix, United States Code, Section 1903(j); Title 46 Appendix United States Code, Section 1903(g); and Title 21 United States Code, Section 960(b)(1)(B)(ii).

(Doc. cr-1).

On September 17, 2004, the Court sentenced Defendant to 135 months incarceration. Count two of the Indictment was dismissed on the Government's motion. Judgment was entered. (Doc. cr-176, cr-177, cr-191). The Court granted the Government's motion for reduction of Defendant's sentence for timely notification of intent to enter a plea of guilty. (Doc. cr-190). Defendant did not file a direct appeal.

On September 14, 2005, Defendant signed the present timely-filed motion to vacate, set aside, or correct the his allegedly illegal sentence. Defendant raises four grounds. In ground four, Defendant alleges that he is entitled to an evidentiary hearing to prove facts supporting his claims. (Doc. cr-1; cr-306, p. 9).

## DISCUSSION

### Ground Two

Defendant alleges that he was denied his Sixth Amendment right to effective assistance of counsel prior to and during sentencing stages of the proceedings. In support,

he claims that "counsel failed to object to the probation officer's failure to recommend a minor role reduction pursuant to USCG § 3B1.2, or argue for the reduction at sentencing, whereas the facts of this case clearly demonstrate that he was a minor participant in the importation scheme and the least culpable of the defendants."

Ground two has no merit. The addendum to the Presentence Investigation Report demonstrates that Defendant's counsel argued that Defendant should be afforded a reduction to reflect his minor or minimal participation in the offense.

Furthermore, in <u>Williams v. United States</u>, 396 F.3d 1340 (11th Cir. 2005), the Eleventh Circuit considered a plea waiver containing the same language as that contained in Defendant's plea waiver. Having considered the language in Williams' plea waiver, the Eleventh Circuit held that a valid sentence-appeal waiver, "entered into voluntarily and knowingly pursuant to a plea agreement, precluded movant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing." <u>Williams</u>, 396 F.3d at 1341-1342.

In his section 2255 motion, Defendant does not allege that his plea was not knowingly and voluntarily entered. Therefore, his claim in ground two also fails under the holding in <u>Williams</u>.

Ground two does not warrant relief and will be denied.

### Ground Three

Defendant alleges that his sentence was imposed in violation of his Sixth Amendment rights in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). In support, Defendant contends that his sentence was enhanced based upon improper judicial fact-finding. He alleges that he was illegally sentenced for drug amounts not charged in the indictment or

proved to a jury beyond a reasonable doubt.

Defendant's claim has no merit for several reasons. First, Defendant was not sentenced above the statutory maximum. Second the United States Supreme Court discussed and explained Apprendi and Blakely v. Washington, 542 U.S. 296 (2004) in United States v. Booker, 125 S.Ct. 738 (2005). Booker, Blakely, and Apprendi are not retroactive on collateral attack. See Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005).

Ground three does not warrant relief and will be denied.

## Ground One

Defendant alleges that he was denied his Sixth Amendment right to assistance of counsel because his counsel failed to file a "requested appeal in his behalf." Defendant attached an affidavit in support of his claim.

Having considered the allegations in the motion to vacate, the Court orders:

1. That grounds two and three are denied.

2. That the Government shall show cause within 25 days from the date of this Order why the relief sought in ground one should not be granted. The Court considers that when Defendant filed the 28 U.S.C. § 2255 motion to vacate alleging ineffective assistance of counsel, he waived any attorney-client confidentiality for the purpose of that attorney's submitting an affidavit.

3. That henceforth, Defendant shall mail one copy of every pleading, exhibit and/or correspondence, along with a certificate of service indicating the date an accurate copy was mailed, to the Government listed in the bottom of this Order. **Should Defendant fail to include the required certificate of service the Clerk of this Court is directed to reject**

4

**the document for filing and return the document without action.**

4. That Defendant shall advise the Court of any change of address. Failure to do so will result in the case being dismissed for failure to prosecute.

5. That Defendant may have 25 days after the date the Government files its response to file his reply to the response. Defendant may file a reply <u>only</u> to the Government's response to the claim that Defendant's attorney failed to file an appeal after being asked to do so, as Defendant alleges in ground one.

6. That ground four will be addressed after the Government files its response, and Defendant files his reply.

ORDERED at Tampa, Florida, on October 13, 2005.

SUSAN C. BUCKLEW
United States District Judge


AUSA: Yvette Rhodes Harrison

Pro se: Carlos Alberto Carabali-Garces