UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARLOS ALBERTO CARABALI-GARCES,

v.                              Case No. 8:04-cr-84-T-24TGW
                                        8:05-cv-1758-T-24TGW

UNITED STATES OF AMERICA.

_____

O R D E R

This cause is before the Court on Defendant's rule 60(b)(1-6) motion to vacate this Court's order denying his 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence. (Doc. cv-13).

BACKGROUND

On May 17, 2004, Defendant pled guilty to count one of a two-count Indictment pursuant to a written plea agreement that contained an appeal waiver. (Plea Agreement, Doc. cr-76, p. 11, ¶ 5).[1] On September 17, 2004, the Court sentenced Defendant to 135

---

[1] Count one charged that from an unknown date through on or about February 27, 2004, while on board a vessel subject to the jurisdiction of the United States, the Defendants: "each of whom was first brought into the United States at a point in the Middle District of Florida, did knowingly and willfully conspire and agree, together and with other persons both known and unknown to the grand jury, to distribute five (5) kilograms or more of mixture or substance containing a detectable amount of cocaine, a schedule II controlled substance, contrary to the provisions of Title 46, Appendix, United States Code, Section 1903(a);a All in violation of Title 46, Appendix, United States Code, Section 1903(j); Title 46 Appendix United States Code,

months incarceration. Count two of the Indictment was dismissed on the Government's motion. Judgment was entered. (Doc. cr-176, cr-177, cr-191). Defendant did not file a direct appeal.

On September 14, 2005, Defendant signed a timely motion to vacate, set aside, or correct an allegedly illegal sentence, raising four grounds for relief. The Court ordered the Government to respond. On February 7, 2006, after a review of the record, the Court denied Defendant's 2255 motion to vacate, on the merits. Judgment was entered February 8, 2006. Defendant did not appeal the denial of relief. However, approximately ten months later, Defendant filed the present rule 60(b) motion. (Doc. cv-13).

Defendant alleges that this Court's order denying his motion to vacate was "fraught with error" and that this Court misconstrued Defendant's points of law and "created a miscarriage of justice" by denying relief without holding an evidentiary hearing.

## DISCUSSION

"A Rule 60(b) motion that seeks to revisit the federal court's denial *on the merits* of a claim for relief should be treated as a successive habeas petition." United States v. Wright, 2006 WL 2190571, *3 -4 (N.D. Fla. July 31, 2006)(citing Gonzalez v. Crosby, 545 U.S. 524, 125 S. Ct. 2641, 2648-2650 (2005)). Defendant's present rule 60(b) motion must be construed as a successive motion to vacate.

Pursuant to 28 U.S.C. § § 2255 and 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, federal prisoners who want to file a second or successive motion to vacate, set aside, or correct a sentence must move the court of

---

Section 1903(g); and Title 21 United States Code, Section 960(b)(1)(B)(ii)." (Doc. cr-1).

appeals for an order authorizing the district court to consider the second or successive motion. See 28 U.S.C. § 2244(b)(3)(A). See In re Blackshire, 98 F.3d 1293 (11th Cir. 1996). Defendant Carabali-Garces has not done so.

Accordingly, the Court orders:

That Defendant's rule 60(b)(1-6) motion to vacate the Court's order denying his 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence. (Doc. cv-13) is denied.

ORDERED at Tampa, Florida, on December 20, 2006.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge


AUSA: Patricia Barksdale (Jacksonville, FL)
Pro se: Carlos Alberto Carabali-Garces